IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION


GARTH ALVARANGA,                      :

    Petitioner,                       :

v.                                    :

                            CIVIL ACTION 06-0647-CG-M

ALBERTO GONZALES,                     :
MICHAEL CHERTOFF,
WARDEN DAVID O. STREIFF,[1]           :

    Respondents.                      :


REPORT AND RECOMMENDATION


    This is an action under 28 U.S.C. § 2241 by Garth Alvaranga,

a citizen and native of Jamaica, who has been detained by the

U.S. Department of Homeland Security (Doc. 1).[2]  This action has

been referred for report and recommendation pursuant to 28 U.S.C.

§ 636(b)(1)(B) and Local Rule 72.1(c) and is now ready for

consideration.  The record is adequate to determine Petitioner's

---

[1]Bill Bateman is no longer the Warden of the Perry County
Correctional Center.  Accordingly, pursuant to the provisions of Rule
25(d) of the Federal Rules of Civil Procedure, David O. Streiff, as
Warden of that facility, is substituted for Bateman as a proper
Respondent in this action.
    The Court also notes that Respondents have urged this Court to
dismiss Defendants Gonzales and Chertoff, but have failed to provide
any argument or authority as to why such action should be taken (Doc.
18, p. 1 n.1).  To the extent that Respondents' assertion can be
construed as a motion, it is **DENIED**.

[2]Petitioner has been in the actual custody of David O. Streiff,
Warden of the Perry County Correctional Center in Uniontown, Alabama.
"Whenever a § 2241 habeas petitioner seeks to challenge his present
physical custody with the United States, he should name his warden as
respondent and file the petition in the district of confinement."
*Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004).

claims; no evidentiary hearing is required.  It is recommended that the instant petition be dismissed.

In his petition, Petitioner asserts that he entered this country on September 11, 1970 and was taken into custody by agents of the U.S. Bureau of Immigration and Customs Enforcement (hereinafter *ICE*), on August 8, 2001, pursuant to a finding that he should be removed from this country (*see* Doc. 1).  Petitioner maintains that he has been detained for too long and that such detention is improper (*id.* at pp. 4-5). Alvaranga seeks release from custody (*id.* at p. 5).  Petitioner filed this action on October 10, 2006 (Doc. 1).

Respondents subsequently filed a Response, stating that Petitioner is being detained through his own failure to cooperate with United States authorities (Doc. 10).  More specifically, Respondents assert that Maynard is being legally detained until such time as he can be deported (Doc. 10).  Respondents argue that Petitioner's confinement is proper, in light of a Motion to Stay that he has filed, and that this action should be dismissed (*id.* at pp. 4-7).

The evidence of record demonstrates that Petitioner was stopped while attempting to enter this country, from Canada, without his green card; a computer search indicated that he had numerous criminal convictions including convictions for burglary, theft, and for drugs (Doc. 10, Exhibit B).  Following an evidentiary hearing, a U.S. Immigration Judge found that

Petitioner was not a U.S. Citizen and should be deported to

Jamaica (Doc. 10, Exhibits E, F).  Subsequently, Maynard filed a

habeas petition and a motion to stay with the U.S. District Court

for the Western District of New York, which entered an order

staying the action and transferring it to the U.S. Second Circuit

Court of Appeals; the order indicated that the action would

remain stayed until the appellate court provided otherwise (Doc.

10, Exhibit K; *see* Exhibit M).

The United States Supreme Court, in *Zadvydas v. Davis*, 533

U.S. 678, 687-88 (2001), held that 28 U.S.C. § 2241 confers

jurisdiction on federal courts to entertain actions such as this.

In interpreting 8 U.S.C. § 1231,[3] the *Zadvydas* Court held that

---

[3]The Court notes that 8 U.S.C. § 1231, entitled "Detention and
removal of aliens ordered removed," states, in pertinent part, as
follows:

    (a) Detention, release, and removal of aliens ordered removed
        (1) Removal period
           (A) In general
              Except as otherwise provided in this section,
              when an alien is ordered removed, the Attorney
              General shall remove the alien from the United
              States within a period of 90 days (in this
              section referred to as the "removal period").
           (B) Beginning of period
              The removal period begins on the latest of the
              following:
                  (i) The date the order of removal becomes
                    administratively final.
                  (ii) If the removal order is judicially
                    reviewed and if a court orders a stay
                    of the removal of the alien, the date
                    of the court's final order.
                  (iii) If the alien is detained or confined
                    (except under an immigration process),
                    the date the alien is released from
                    detention or confinement.
           (C) Suspension of period

the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States.  It does not permit indefinite detention."  *Zadvydas*, 533 U.S. at 689.  The Court went on to hold that "six months [was] a presumptively reasonable period of time to detain a removable alien awaiting deportation" pursuant to § 1231.  *See Akinwale v. Ashcroft*, 287 F.3d 1050, 1051 (11th Cir. 2002).  The *Zadvydas* Court further stated, however, that "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."  *Zadvydas*, 533 U.S. at 701.

In *Akinwale*, the Eleventh Circuit Court of Appeals held that the six-month-period "must have expired at the time [the Petitioner's] petition was filed in order to state a claim under *Zadvydas*."  *Akinwale*, 287 F.3d at 1052.  The *Akinwale* Court also noted that the six-month-period could be interrupted by a petitioner's motion for a stay of deportation or removal; this interruption would necessarily include whatever time was needed for the court, to which such motion had been made, to rule.

---

> The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.

8 U.S.C.A. § 1231.

*Akinwale*, 287 F.3d at 1052 n.4.

The evidence shows that Alvaranga moved to stay his removal from this country and that this action has led to his continued detention.  As such, Petitioner cannot prove that "there is no significant likelihood of removal in the reasonably foreseeable future."  *Zadvydas*, 533 U.S. at 701.  The Court finds that Alvaranga's continued detention is not improper under 8 U.S.C. § 1321(a)(1)(C).

Therefore, it is recommended that this action be dismissed and that judgment be entered in favor of Respondents Alberto Gonzales, Michael Chertoff, and David O. Streiff and against Petitioner Garth Alvaranga.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a
> magistrate judge in a dispositive matter, that is, a
> matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing
> a "Statement of Objection to Magistrate Judge's
> Recommendation" within ten days after being served with
> a copy of the recommendation, unless a different time
> is established by order.  The statement of objection

shall specify those portions of the recommendation to
which objection is made and the basis for the
objection.  The objecting party shall submit to the
district judge, at the time of filing the objection, a
brief setting forth the party's arguments that the
magistrate judge's recommendation should be reviewed <u>de
novo</u> and a different disposition made.  It is
insufficient to submit only a copy of the original
brief submitted to the magistrate judge, although a
copy of the original brief may be submitted or referred
to and incorporated into the brief in support of the
objection.  Failure to submit a brief in support of the
objection may be deemed an abandonment of the
objection.

A magistrate judge's recommendation cannot be appealed to a
Court of Appeals; only the district judge's order or judgment can
be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the
magistrate judge finds that the tapes and original records in
this action are adequate for purposes of review.  Any party
planning to object to this recommendation, but unable to pay the
fee for a transcript, is advised that a judicial determination
that transcription is necessary is required before the United
States will pay the cost of the transcript.

DONE this 3rd day of May, 2007.


                              s/BERT W. MILLING, JR.
                              UNITED STATES MAGISTRATE JUDGE